## Commonwealth v. Benko

*Darlee Sill, assistant district attorney,* for the Commonwealth.

*John Woodcock,* for defendant.

PEOPLES, *P.J.,* December 16, 1985—On June 28, 1985, defendant Tod Robert Benko appeared before this court and pleaded guilty to a charge of driving under the influence of alcohol or a controlled substance (second offense). The guilty plea was accepted free of any plea agreement between defendant and the Commonwealth of Pennsylvania. Defendant waived his right to request a presentence investigation; that waiver .was accepted by this court, and we were then confronted with request by counsel for defendant that we depart from the mandatory .sentencing provisions of the Motor Vehicle Code, 75 P.S. §3731(e), which would require the imposition of a sentence of incarceration of not less than 30 days plus a fine of not less than $300.

After receiving oral argument from counsel for defendant in support of the request for deviation from the aforementioned mandatory sentencing requirements of the Motor Vehicle Code, supra, and after inspecting an order of sentence entered by the

Honorable Richard A. Behrens, a judge of this court, in the case of Commonwealth of Pennsylvania v. Matthew B. Riccio, C.A. nos. 165 & 509, 1984, which defense counsel contends demonstrates Judge Behrens' acceptance of the concept of sentencing to treatment as an alternative to mandatory sentencing, we afforded to counsel for defendant and the assistant district attorney, Mr. Sill, the opportunity to submit memoranda of law on the subject. Such a written memorandum was furnished by John Woodcock, Jr., Esq., on behalf of defendant, via letter dated July 15, 1985. To date, no memorandum has been provided by Assistant District Attorney Sill on behalf of the Commonwealth. This matter is now scheduled for further sentencing hearing on February 19, 1986, and this memorandum opinion is issued in advance thereof in order that no further delay in imposition of sentence might occur.

After carefully reviewing both the oral and written arguments offered by counsel for defendant and noting that the Commonwealth apparently does not oppose defendant's request for alternative sentencing, this court has concluded that that request must be refused. Despite the very compelling argument advanced by Attorney Woodcock, defendant may not avoid the very clear provisions of the Motor Vehicle Code, supra, requiring that he undergo incarceration for a period of not less than 30 days.

In pertinent part, the Motor Vehicle Code of Pennsylvania provides that:

"(e) Penalty—

"(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court *shall order* the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

". . . (ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years." 75 Pa.C.S. §3731(e) (Emphasis added.)

Of considerable significance in our determination of the question before us in this case is the further penalty provision found in subsection (4) of section 3731 of the Motor Vehicle Code, 75 Pa.C.S. §3731(e)(4):

"(4) The Commonwealth has the right to appeal directly to the Superior Court any order of court which imposes a sentence for violation of this section which does not meet the requirements of this section. *The Superior Court shall remand the case to the sentencing court for imposition of a sentence in accordance with the provisions of this section.*" (Emphasis added.) The foregoing provision for "remand" by the Superior Court leaves absolutely no doubt in this court's mind that the intent and will of the General Assembly of Pennsylvania was that any person whose case did not qualify for Accelerated Rehabilitative Disposition *must* be sentenced according to the mandatory sentencing provisions of the Motor Vehicle Code.

After carefully studying the provisions of section 1548 (requirements for driving under the influence offenders) of the Motor Vehicle Code, 75 Pa.C.S. §1548, we have no hesitation in concluding that the absence of statutory language to the effect that "In addition to any other requirements of the court" in subsection (d) in no way indicates an intention on the part of the legislature to permit the type of sentencing proposed for the defendant in this case, namely, retroactive assignment to a drug and alcohol treatment facility in lieu of normal incarceration in the county jail for not less than 30 days. Said

subsection (d) is to be read in conjunction with and supplement to subsections (a) and (c) of section 1548 which provide for evaluation and treatment which may be provided to a drug and/or alcohol addict *in addition to* such sentence of incarceration as may be mandated by the provisions of the drunken driving statute, 75 Pa.C.S. §3731. Nothing contained in section 1548, 75 Pa.C.S. §1548, permits or implies that this court would be permitted to ignore the provisions of the Motor Vehicle Code, 75 Pa.C.S. §3731, mandating sentencing to incarceration. This court is fully satisfied that if it had been the intent of the legislature to permit assignment of addicts to treatment in lieu of periods of incarceration, the General Assembly could have and would have clearly specified that intent. The General Assembly did not so specify and we believe that that legislative body envisioned no exceptions to mandatory incarceration sentencing.

Lastly, we turn to the contention raised by counsel for defendant that his request for an order of sentence which would not provide for incarceration in the county jail is fortified by the provisions of "The Controlled Substance, Drug, Device and Cosmetic Act," 35 P.S. §780-1 et seq. Specifically, he cites the provisions set forth at 35 P.S. §780-118(f) which provides in pertinent part:

"(f) If, after conviction, the defendant requests probation with treatment or civil commitment for treatment in lieu of criminal punishment, the court may appoint a qualified physician to advise the court. . . . The court shall exercise its discretion whether to accept the physician's advice." While this court recognizes the stipulation between defendant and the Commonwealth to the effect that at the time of the instant offense he was addicted to drugs and/or alcohol and that the offense to which

he pleads guilty is one of a nonviolent nature, we can find no merit in the contention of defense counsel that the provisions of this section of the Drug Act, supra, permits or requires an avoidance of the imposition of mandatory jail sentence. We note that this section of the Drug Act, supra, as amended, became effective on October 26, 1972, while the sentencing provisions of the Motor Vehicle Code relating to driving under the influence cases, supra, took effect much later in January, 1983. Certainly, had it been the intention of the General Assembly that drunken driving defendants who would qualify as addicts under the provisions of the Drug Act, supra, could be sentenced under the provisions of that act rather than the provisions of the Motor Vehicle Code, supra, it could have easily so provided in the text of the drunken driving statute. Absent even so much as a mention of possible disposition according to the terms of the "addict" section of the Drug Act, supra, we conclude that the legislature had no such intention and that it fully intended that all convicted drunken drivers other than first offenders must submit to the minimum periods of incarceration provided in the penalty section of the "Driving Under the Influence" statute, supra.

Compelling as it may be, the argument of counsel for defendant that this court should not require defendant's service of a period of incarceration in the county jail asks that we deviate from the mandatory sentencing provisions of the drunken driving statute, supra, when despite our careful study, this court can find no legal authority for such a deviation. It is the conclusion of this court that were we to sentence defendant as he has proposed, we would be violating the law rather than conforming to it. The fact that the district attorney chooses to acquiesce in defendant's proposal for sentence and

assures that no appeal would be taken from a sentence which provides for no jail time is of no moment in our determination. Thus, the following is an appropriate

## ORDER

Now, this December 16, 1985, it is hereby ordered, directed and decreed that the motion of John Woodcock, Jr., Esq., counsel for defendant, for imposition of sentence not in conformity with the mandatory incarceration provisions of the drunken driving section of the Motor Vehicle Code, 75 Pa.C.S. §3731(e), is denied and dismissed.